**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**TIMOTHY ASHWORTH, #B87460,**

**Plaintiff,**

**vs.** **Case No. 3:15-cv-00182-NJR**

**STEVE MUMBOWER,**
**DON JONES,**
**BILL WILSON,**
**WEST CITY POLICE DEPARTMENT,**
**and BENTON JAIL,**

**Defendants.**

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Timothy Ashworth is currently incarcerated in the Big Muddy Correctional Center in Ina, Illinois, seemingly on charges unrelated to his current claim. (Doc. 1.) Proceeding *pro se*, Ashworth has filed a civil rights action pursuant to 42 U.S.C. § 1983. (*Id.* at 1.) Ashworth claims that he was falsely arrested and imprisoned by Defendants Mumbower and Wilson on April 1, 2010, and his property was illegally seized and destroyed by Mumbower and Wilson during that time period or shortly thereafter. (*Id.* at 1-2, 4-5.)

This matter is now before the Court for a preliminary review of Ashworth's complaint pursuant to 28 U.S.C. § 1915A. Under 28 U.S.C. § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint" if the complaint "is

frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

**Procedural History**

According to Ashworth's complaint, on or about April 1, 2010, Ashworth stopped to refuel his truck at a gas station in West City, Illinois. (*Id.* at 4.) After arriving at the gas station, Steve Mumbower, Chief of Police for the West City Police Department, used his vehicle to block Ashworth from leaving the area and then ordered Ashworth out of his truck. (*Id*.) Mumbower then performed a field sobriety test on Ashworth, and he subsequently placed Ashworth under arrest for driving under the influence. (*Id.* at 4-5.) Mumbower and Wilson ultimately detained Ashworth and transported him to a jail in Benton, Illinois.[1] (*Id.* at 2, 4-5.)

On August 7, 2012, Ashworth filed his first *pro se* complaint in this Court against Mumbower, Wilson, Lisa Ashworth, and West City, Illinois. (Case No. 3:12-cv-00879, Doc. 1.) He alleged that he was falsely arrested by Mumbower and Wilson, that his personal property was seized and destroyed by the two, that Lisa Ashworth conspired with Mumbower to have Ashworth arrested and deprived of his personal property, and that West City, Illinois, had a policy of allowing its police officers–namely Mumbower and Wilson–to make arrests based on false reports and to refuse to return property. (*Id.* at 2-4.) Following problems between Ashworth and his retained counsel, Ashworth dismissed his claim without prejudice under Federal Rule of Civil Procedure 41(a)(1) on May 2, 2014. (Case No. 3:12-cv-00879, Doc. 44.)

On February 20, 2015, Ashworth filed a new § 1983 complaint in this Court. (Doc. 1.)

---

[1] Plaintiff refers repeatedly to the "Benton County Jail" and the "Benton Jail." The Court notes that Benton, Illinois, is the seat of Franklin, County, Illinois, so the Court presumes Plaintiff is referring to the Franklin County jail.

**Discussion**

Read liberally, Ashworth's current § 1983 complaint alleges that Mumbower falsely arrested him in April 2010 for driving under the influence, that Mumbower and Wilson falsely imprisoned Ashworth following his arrest, that the two destroyed or failed to return Ashworth's property, and that the two generally engaged in "theft of [Ashworth's] personal property, false arrest, and imprisonment." (*Id.* at 4-5.) Ashworth also names Don Jones of the Benton County Jail as a Defendant, stating that the "Benton County Jail" was where he was incarcerated. (*Id.* at 2.) Unlike his previous § 1983 complaint, however, Ashworth's instant complaint contains no policy or practice allegations against West City or anyone else, nor does it name Lisa Ashworth.

Turning to Ashworth's allegations, it is not clear whether he is suing Mumbower, Jones, and Wilson in their individual or official capacities. Claims against a government employee in her official capacity are limited to injunctive relief. *MSA Realty Corp. v. State of Ill.*, 990 F.2d 288, 291 (7th Cir. 1993) ("[S]tate officials may be sued in their official capacities for injunctive relief, although they may not be sued for money damages."). Ashworth has sought only money damages, and thus any official-capacity claims must be dismissed without prejudice.

As for any claims against Mumbower, Jones, and Wilson in their individual capacities, these claims are viable only if Ashworth alleges involvement by these parties in the purported deprivation of rights. Under 42 U.S.C. § 1983, only a person who "subjects" or "causes" the plaintiff to be subjected to a deprivation of rights can be held liable. In other words, a plaintiff bringing a § 1983 claim must allege that each defendant was "personally involved in the deprivation" of his rights. *Whitford v. Boglino*, 63 F.3d 527, 530-31 (7th Cir. 1995). Personal involvement can be alleged by claiming that the individual knew "about the conduct and facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye for fear of what they might

see." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). When read liberally, Ashworth's complaint and the exhibits attached to it allege involvement by Mumbower and possibly Wilson in Ashworth's arrest, detention, and the seizure of his property. (Doc. 1 at 2, 4-5.) Yet involvement by Jones is not mentioned once in the complaint: Ashworth alleges only that the "Benton County Jail" was the location he was taken after his arrest; he does not indicate that Jones, as an employee of the jail, engaged in any conduct against him. (*Id.* at 2.) As such, any § 1983 claim against Jones in his individual capacity must be dismissed without prejudice.

Concerning Ashworth's individual claims against Mumbower and Wilson for false arrest and false imprisonment under the Fourth Amendment, those too must be set aside. "[T]he existence of probable cause for arrest is an absolute bar to a Section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution." *Schertz v. Waupaca Cnty.*, 875 F.2d 578, 582 (7th Cir. 1989). As the Seventh Circuit has recognized, the failure to allege a lack of probable cause for Fourth Amendment claims of false arrest and imprisonment – even when the plaintiff is filing *pro se* – warrants dismissal of the claims. *See, e.g.*, *Davenport v. Dovgin*, 545 Fed. Appx. 535, 538 (7th Cir. 2013) (affirming dismissal of *pro se* false arrest claim at screening stage because the plaintiff "did not allege that the officer lacked probable cause to arrest her"); *Brady v. Gonzalez*, 412 Fed. Appx. 887, 888 (7th Cir. 2011) (affirming dismissal of false arrest claim because plaintiff "could not plausibly plead that his detention was unconstitutional without an allegation that the arresting officers lacked probable cause to arrest him"); *Jackson v. Compton*, 151 F.3d 1032 (7th Cir. 1998) (affirming dismissal of false imprisonment claim because the plaintiff "fails to allege any facts suggesting that the officer lacked probable cause"). While Ashworth alleges that the underlying driving under the influence charge was ultimately

dismissed, he does not allege that the officers lacked probable cause, and so these Fourth Amendment claims must be dismissed without prejudice. (Doc. 1 at 4-5.)

As for Ashworth's individual claims against Mumbower and Wilson for intentional destruction of property in violation of his due process rights, these claims also must be dismissed for failure to state a claim for which relief can be granted. Allegations concerning the intentional destruction of property by a state official fail to state a claim under § 1983 if the destruction is not done pursuant to an established state procedure and if the state makes available an adequate postdeprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[W]e hold that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Johnson v. Wallich*, 578 Fed. Appx. 601, 602 (7th Cir. 2014) ("When a state official's conduct is random and unauthorized, due process requires only that an adequate post-deprivation remedy exists."). Here, Ashworth seems to allege that Mumbower and Wilson intentionally destroyed his property, and he "does not suggest" – at least in his current complaint – that these losses "resulted from some established procedure" on the part of the state. *See Johnson*, 578 Fed. Appx. at 602. In addition, the Seventh Circuit has held that Illinois provides an adequate remedy for these types of deprivation claims via the Illinois Court of Claims. *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993). Because Illinois provides an adequate remedy, and because there is no allegation that Mumbower and Wilson were authorized by an established state procedure to destroy Ashworth's property, Ashworth's due process claims must be dismissed without prejudice.

Ashworth may have also intended to raise § 1983 claims against the West City Police Department and the Benton Jail: both entities are written in as Defendants in Ashworth's

complaint caption, but are not enumerated in the detailed list of Defendants put forth in the Jurisdiction section. The claim against the West City Police Department fails at the gate: while § 1983 permits liability against city and county governments, a "municipality's police department . . . is not a separate entity subject to suit." *Davis v. Hill*, No. 86 C 4592, 1986 WL 355, at *1 (N.D. Ill. July 16, 1986). In addition, "to maintain a § 1983 claim against a municipality, [a plaintiff] must establish the requisite culpability (a 'policy or custom' attributable to municipal policymakers) and the requisite causation (the policy or custom was the 'moving force' behind the constitutional deprivation)." *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002) (*quoting Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-94 (1978)). Here, Ashworth has not alleged any policy attributable to the West City Police Department or the Benton Jail that led to his deprivation of rights. Given these defects, any claim against the West City Police Department and the Benton Jail must be dismissed without prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that the complaint is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support his § 1983 claims and naming the individual Defendants directly responsible for the alleged constitutional deprivations, within 35 days of the entry of this order (on or before **April 9, 2015**). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading in this case or elsewhere. Should the First Amended Complaint not conform to these requirements, it will be

stricken. Plaintiff also must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint will result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's motion for Service of Process at Government Expense is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED: March 5, 2015**

**NANCY J. ROSENSTENGEL**
**United States District Judge**