IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIMOTHY ASHWORTH, #B87460,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 3:15-cv-00182-NJR |
| ) | |
| **STEVE MUMBOWER,** ) | |
| **DON JONES,** ) | |
| **BILL WILSON,** ) | |
| **WEST CITY, ILLINOIS,**[1] ) | |
| **and FRANKLIN COUNTY JAIL,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Timothy Ashworth is currently incarcerated in the Big Muddy Correctional Center in Ina, Illinois, but was previously detained at the Franklin County Jail in 2010, seemingly on charges unrelated to his current claim. (Doc. 14.) Proceeding *pro se*, Ashworth has filed an amended complaint pursuant to 42 U.S.C. § 1983, alleging that Mumbower falsely arrested him and unlawfully seized his property, that Jones and Wilson falsely imprisoned him, and that West City, Illinois and Franklin County have a policy of destroying an arrestee's property without sufficient notice or procedures for reclaiming it – a policy that led to the destruction of Ashworth's property. (*Id.* at 6-11.) Ashworth seeks compensatory damages, punitive damages, and an injunction compelling West City and the Franklin County Jail to set up proper procedures concerning the return of a detainee's property. (*Id.* at 15.)

---

[1] Ashworth's caption names the West City Police Department, but the narrative of his complaint and the section listing the defendants for this action name West City, Illinois. The Court previously informed Ashworth that the West City Police Department was not a person subject to suit under 42 U.S.C. § 1983, so the Court believes that Ashworth intended to name West City, Illinois as a Defendant, and not the West City Police Department. The **CLERK** is **DIRECTED** to terminate West City Police Department and add West City, Illinois in its place.

This matter is now before the Court for a preliminary review of Ashworth's amended complaint pursuant to 28 U.S.C. § 1915A. Under 28 U.S.C. § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint" if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

## Background

According to Ashworth's amended complaint, on April 6, 2010, Ashworth stopped at a gas station in West City, Illinois to refuel his vehicle. (Doc. 14 at 6.) As he prepared to leave the gas station, Mumbower, then Chief of Police of West City, blocked his truck with his police cruiser and detained Ashworth. (*Id*.) Mumbower performed a field sobriety test on Ashworth – which Ashworth maintains he passed – and then arrested Ashworth for driving under the influence. (*Id.* at 6-7.) Ashworth claims he was falsely arrested by Mumbower because Mumbower was having an affair with his wife at the time; Ashworth found out about the affair and planned to kick his wife out of their home that same day, and his wife engineered the plan to have Ashworth arrested to get revenge and avoid being displaced from her home. (*Id.* at 9-10.)

After Mumbower arrested Ashworth and seized his vehicle and his other personal items, Mumbower transported Ashworth to the Franklin County Jail, where he was detained by Sheriff Bill Wilson and Officer Don Jones. (*Id.* at 7-8.) Mumbower claims that he informed Wilson and Jones of his innocence and requested a breathalyzer to prove it, but was ignored. (*Id*. at 8.) Mumbower also claims that Wilson and Jones knew that his arrest was illegal yet failed to release him, and that they generally conspired with Mumbower to hold him. (*Id.* at 8-9.)

The driving under the influence charges were dropped by the prosecutor on October 14, 2010. (*Id.* at 17.) Sometime after his April 2010 arrest, Ashworth claims that the property seized by Mumbower was destroyed. (*Id.* at 10.) This destruction occurred without notice, says Ashworth, and without a proper procedure for retrieval of seized property. (*Id.* at 10-11.)

On August 7, 2012, Ashworth filed his first complaint concerning these events, naming Mumbower, Wilson, his wife, and West City, Illinois. (Case No. 3:12-cv-00879, Doc. 1.) Following problems between Ashworth and his retained counsel, Ashworth voluntarily dismissed his claim without prejudice in May 2014. (*Id.* at Doc. 44.) He filed a new complaint on February 20, 2015, concerning the same events, naming Mumbower, Wilson, Jones, the West City Police Department, and the Benton Jail. (Case No. 3:15-cv-00182, Doc. 1.) That complaint was dismissed on March 6, 2015, with leave to re-plead by April 9, 2015. (Doc. 7.) Ashworth filed a motion for continuance and was given until May 15, 2015 to re-plead. (Doc. 13.)

On May 5, 2015, Ashworth filed the instant amended complaint. (Doc. 14.)

## Discussion

Ashworth's amended complaint first alleges an individual capacity claim against Mumbower concerning Ashworth's unlawful arrest and seizure of property, so the Court will start with that claim (**Count 1**). The Fourth Amendment of the United States Constitution precludes unreasonable searches or seizures of persons, houses, papers, and affects, a barrier that is implicated when police arrest a person or interfere with a person's possessory interests without cause. *See*, *e.g.*, *Davenport v. Giliberto*, 566 F. App'x 525, 528-29 (viability of Fourth Amendment claim concerning false arrest and seizure of property incident to arrest turned on whether officers had probable cause); *Inada v. Sullivan*, 523 F.2d 485, 488 (7th Cir. 1975) (claim that officer, "without reason or probable cause," arrested a plaintiff and caused the plaintiff's

"car to be towed" stated a claim for relief).  Here, Ashworth alleges that Mumbower arrested him and seized his property without any cause, and that is enough to put forth an arguable unlawful arrest and seizure claim for preliminary review purposes.  As such, **Count 1** may proceed.

Ashworth also claims that Jones and Wilson, in their employ as jailers, falsely imprisoned him at the Franklin County Jail following his arrest (**Count 2**).  While his narrative is not clear, he seems to be alleging a violation of the Fourth Amendment concerning his detention at the jail prior to any arraignment.  While a jail officer is typically not liable for another officer's false arrest in the field, he can be liable for false imprisonment if he did not act "reasonably and in good faith" – as he would if he "unreasonably detains the inmate for arraignment or release" or "possesses an affirmative knowledge of the illegality of the arrest." *See Wood v. Worachek*, 618 F.2d 1225, 1231 (7th Cir. 1980); *see also Juriss v. McGowan*, 957 F.2d 345, 350-51 (7th Cir. 1992) (observing that officers who arrest a party pursuant to a facially valid warrant cannot be held liable under § 1983 unless they "knew that the arrest warrant had issued without probable cause," as they would if they "knew that those who obtained the warrant had deceived the authorizing body").  In this case, Ashworth alleges that Jones and Wilson had affirmative knowledge that his arrest lacked probable cause, and that is sufficient to put forth an arguable false imprisonment claim.  Accordingly, **Count 2** may proceed.

Ashworth also brings claims against Mumbower, Jones, and Wilson in their official capacities concerning the destruction of his property following his arrest (**Count 3**).  To bring an official capacity suit, a plaintiff must allege "that an official policy or custom caused the [unconstitutional] injury." *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002).  Construing Ashworth's allegations broadly, Ashworth claims that the "City and County" had a "policy and procedure" of not providing notice concerning procedures for the destruction of property – a

policy that led to the loss of Ashworth's property. (Doc. 1 at 9-10.) This is sufficient to allege an arguable official capacity due process claim, so **Count 3** may proceed. *See Gates v. City of Chicago*, 623 F.3d 389, 398, 405 (7th Cir. 2010) (due process requires "notice of the procedures for protecting one's property interest" and adequate "process" to reclaim property).

Finally, Ashworth brings claims against West City and the Franklin County Jail, also regarding the destruction of his property following his April 2010 arrest (**Count 4**). Like official capacity claims, to bring a claim against a municipality, "a plaintiff must show the existence of an 'official policy' or other governmental custom that not only causes but is the 'moving force' behind the deprivation of constitutional rights." *Teesdale v. City of Chicago*, 690 F.3d 829, 833-34 (7th Cir. 2012). Here, Ashworth claims that West City and the Franklin County Jail have a policy of destroying or otherwise dispensing with a detainee's property without "proper procedure[s] in place to retrieve their personal property" – a policy that led to the destruction of Ashworth's property in violation of his due process rights. (Doc. 1 at 9-10.) As was the case for the official capacity claim above, this is enough to state an arguable due process claim. *Gates*, 623 F.3d at 398, 405. Accordingly, **Count 4** may proceed against West City. That said, **Count 4** must be dismissed with prejudice as to the Franklin County Jail, as jail buildings are not subject to suit under § 1983. *See Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (noting that "Cook County Jail is not a 'person' – it is not a legal entity to begin with").

One closing note concerning Defendant Wilson: according to docket entries in Ashworth's previous case, Wilson is deceased. (Case No. 3:12-cv-00879, Doc. 24.) Concerning the individual capacity claim against Wilson in **Count 2**, Ashworth will "have to pursue [this] action against the decedent's estate." *Kentucky v. Graham*, 473 U.S. 159, 166 n.11 (1985). To that end, Ashworth is given 90 days to file a motion for substitution of a party (on or before

**August 17, 2015**).  If after the expiration of 90 days Ashworth does not file a motion for substitution, Wilson will be dismissed from the action pursuant to Federal Rule of Civil Procedure 25(a)(1).  As for the official capacity claim against Wilson in **Count 3**, an official capacity claim against an officer "is really a suit against the entity of which the officer is an agent," *Franklin v. Zaruba*, 150 F.3d 682, 684 n.2 (7th Cir. 1998), meaning that the "death or replacement of the named official will result in automatic substitution of the official's successor in office," *Graham*, 473 U.S. at 166 n.11.  Here, the official capacity claim against Wilson is really a suit against the Franklin County Sheriff's Department.  And no further action on this claim is needed, as the current Sheriff of Franklin County, Don Jones, is already named in Count 3.

## Disposition

IT IS HEREBY ORDERED that, for the reasons stated, **COUNT 1** shall proceed against Defendant **MUMBOWER**.

IT IS FURTHER ORDERED that, for the reasons stated, **COUNT 2** shall proceed against Defendants **WILSON** and **JONES**.  Because **WILSON** is deceased, Plaintiff is given 90 days to file a motion for substitution of a party (on or before **August 17, 2015**).  If after the expiration of 90 days Ashworth does not file a motion for substitution pursuant to Federal Rule of Civil Procedure 25(a)(1), **WILSON** will be dismissed from this action.

IT IS FURTHER ORDERED that, for the reasons stated, **COUNT 3** shall proceed against Defendants **MUMBOWER** and **JONES**.

IT IS FURTHER ORDERED that, for the reasons stated, **COUNT 4** shall proceed against Defendant **WEST CITY, ILLINOIS**.  **COUNT 4** is **DISMISSED with prejudice** as to

Defendant **FRANKLIN COUNTY JAIL**. Because there are no further claims against it, **FRANKLIN COUNTY JAIL** is **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Service of Process at Government Expense (Doc. 16) is **GRANTED**. Service shall be ordered as indicated below.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **MUMBOWER**, **JONES**, and **WEST CITY, ILLINOIS** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served

on Defendants or counsel. Any paper received by a judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Recruitment of Counsel (Docs. 3 & 15) are **REFERRED** to Magistrate Judge Donald G. Wilkerson for consideration.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under 28 U.S.C. § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that, at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 15, 2015**

**s/ NANCY J. ROSENSTENGEL**
**NANCY J. ROSENSTENGEL**
**United States District Judge**
